STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

April 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

UNITED PARCEL SERVICE, INC.,
**Employer Below, Petitioner**

**vs.)    No. 12-1377** (BOR Appeal No. 2047218)
(Claim No. 2011004151)

**CHARLES RICHARDSON,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner United Parcel Service, Inc., by Jeffrey B. Brannon, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Charles Richardson, by John C. Blair, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 25, 2012, in which the Board affirmed a May 10, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 1, 2011, decision closing the claim for temporary total disability benefits. The Office of Judges also reversed the claim's administrator's second September 1, 2011, decision denying authorization for right shoulder arthroscopy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Richardson worked for United Parcel Service, Inc., as a driver. On July 2, 2010, Mr. Richardson injured his right shoulder while pulling a dolly full of packages. He was diagnosed with a partial rotator cuff tear and impingement syndrome. The claims administrator held the claim compensable. Mr. Richardson then came under the care of Robert McCleary, D.O., and the claims administrator authorized rotator cuff surgery and physical therapy to treat his right shoulder. Following a course of treatment, Prasadarao B. Mukkamala, M.D., performed an

1

independent medical evaluation and determined that Mr. Richardson had reached his maximum degree of medical improvement. Dr. McCleary, however, reported that Mr. Richardson continued to suffer range of motion limitations in his right shoulder. Dr. McCleary found that Mr. Richardson was unable to lift his arm above his head and that this ability was essential to his job duties. Dr. McCleary attributed this disability to either calcification of the rotator cuff or loose bodies in the subacromial space. Dr. McCleary requested authorization for right shoulder arthroscopic surgery. Ronald J. Fadel, M.D., then evaluated Mr. Richardson and recommended against authorizing the requested surgery. Dr. Fadel believed that Mr. Richardson's symptoms were more likely related to calcification of the rotator cuff than to loose subacromial bodies. Dr. Fadel also indicated that Mr. Richardson's condition was likely related to chronic longstanding bursitis and that the surgery would not improve Mr. Richardson's range of motion. On September 1, 2011, in separate decisions, the claims administrator closed the claim for temporary total disability benefits and denied authorization for arthroscopic surgery. On May 10, 2012, the Office of Judges reversed both claims administrator decisions. The Office of Judges ordered that Mr. Richardson be paid temporary total disability benefits as substantiated by proper medical evidence, and it authorized the arthroscopic surgery requested by Dr. McCleary. The Board of Review affirmed the Order of the Office of Judges on October 25, 2012, leading United Parcel Service, Inc., to appeal.

The Office of Judges concluded that Mr. Richardson remained temporarily and totally disabled as a result of his injury. The Office of Judges based this determination on the treatment notes of Dr. McCleary. The Office of Judges found that Mr. Richardson had significant range of motion difficulties in his right shoulder and had not reached his maximum degree of medical improvement. The Office of Judges found that even Dr. Fadel recognized that something was wrong with Mr. Richardson's shoulder at the time of his examination. The Office of Judges considered Dr. Fadel's opinion that Mr. Richardson's difficulties were due to longstanding chronic bursitis and not the compensable injury. However, the Office of Judges determined that Dr. Fadel's opinion lacked evidentiary weight because it was not based on any clinical or diagnostic evidence. The Office of Judges pointed out that there was no medical examiner or treating physician who indicated the presence of longstanding bursitis. It also concluded that the request for arthroscopic surgery was necessary for evaluating and treating Mr. Richardson's injury. The Office of Judges based its decision on Dr. McCleary's opinion and found that Mr. Richardson's symptoms should at least be investigated with an arthroscopic procedure. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. The evidence in the record demonstrates that Mr. Richardson continued to be temporarily and totally disabled after the claims administrator closed the claim for temporary total disability benefits. Dr. McCleary's treatment notes show that Mr. Richardson was not able to lift his arm over his head and indicated that this limitation prevented him from working. The evidence in the record does not support Dr. Mukkamala's opinion. Mr. Richardson has presented sufficient evidence to show that an arthroscopic surgery is medically related and reasonably required to treat his right shoulder. Dr. McCleary's treatment notes demonstrate that Mr. Richardson either has calcification or loose subacromial bodies in his right shoulder which the requested procedure would repair. Dr. McCleary's opinion is supported by the radiological

2

evidence in the record, and the Office of Judges was within its discretion in relying on his recommendation. The Office of Judges also provided specific and justified reasons for finding Dr. Fadel's report unreliable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II